## No. 12,126.

### LENGEL, ET AL., *v.* HERRON, ET AL.

Decided July 1, 1929.   Rehearing denied September 30, 1929.

Mr. W. PENN COLLINS, Mr. GUY D. DUNCAN, for plaintiffs in error.

Mr. HAROLD E. POPHAM, for defendants in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFFS in error, with defendant in error Sutton,

were defendants, and defendants in error, T. J. and L. B. Herron, were plaintiffs, in the trial court. For convenience we hereinafter so refer to them.

Plaintiffs controlled the Farmers' State Bank of Las Animas, a corporation hereinafter called the bank, and wished to sell out. Sutton contracted to buy 258 shares of the stock and sold one-half of these to Lengel. Lengel and Sutton gave a note for the unpaid balance of $10,800, secured by 125 shares of the bank stock. Some six months thereafter Sutton sold 154 shares of the stock to defendant Langley, who agreed to pay one-half of the Lengel-Sutton note. When no one paid, plaintiffs brought this action against the three original defendants.

Lengel's defense was an alleged conspiracy between plaintiffs and Sutton to obtain his money without consideration, and Sutton's fraud in carrying it out. He counterclaimed for $10,650 actual, and $15,000 exemplary, damages.

Langley's defense was the alleged fraud of Sutton in misrepresenting the condition of the bank and value of the stock.

A jury found against Sutton for $10,800 and against Lengel and Langley for $5,400 each. To review that judgment the last two named, only, prosecute this writ.

■ We note in the beginning that there is no shadow of an excuse for the assignment of 101 alleged errors in this case. We call the attention of counsel responsible to our comment on a similar absurdity in *Goodrich v. Union Oil Co.*, 85 Colo. 218, 274 Pac. 935.

■ Again, the same counsel waived their reply brief, but requested, and were allowed, oral argument. This practice is most unfair and hence, even in the absence of a rule against it, should never be indulged in. It enables an attorney to half conceal his own position and, after forcing the fullest disclosure from his opponent, take him by surprise. It will not hereafter be permitted in this court. He who waives his brief thereby waives his right to oral argument.

■ Defendants tendered 33 instructions. All were refused and error is assigned on each refusal. We will not examine them here further than to say that what little sound and applicable law they contain was fully covered in instructions given.

The court gave 17 instructions and defendants objected to eight of them. Each objection was overruled and error is assigned on each ruling. No one of these assignments has any merit. As illustrating this fact, defendants each pleaded want of consideration, and instructions two and three advised the jury that the burden of proof, as to that defense, was on those asserting it. Thereon error is predicated.

Defendants say that having charged conspiracy, and offered evidence in support of the charge, the question should have been submitted to the jury, and they therefore complain that their instructions on that subject were rejected. They ignore the fact that by four instructions given the defense was fully covered and that the court's instruction No. 7, defining conspiracy, was not even objected to.

Defendants' argument here is based upon the theory that plaintiffs dealt with both Lengel and Sutton, but plaintiffs denied dealing with Lengel and that denial is supported by evidence and upheld by the verdict.

■ It was contended, and is now contended, that Sutton was a dummy purchaser, that his contract with the Herrons was a pretense for the purpose of deceiving others whom Sutton was to inveigle into this deal, and that because of false representations made by Sutton, for which the Herrons were responsible, there was a failure of consideration. On each of these questions the evidence was conflicting. Each was fairly presented by the instructions and each is settled by the verdict with which, under a well established rule, we will not interfere.

■ It is urged on behalf of Lengel that the court grievously erred against him in withdrawing from the jury his demand for exemplary damages and body judg-

ment. If the matter was doubtful when passed upon by the trial court the verdict which found against Lengel on his counterclaim stripped these contentions of all merit.

In addition to the foregoing there are countless errors assigned on rulings or evidence and on matters involving the ordinary discretion of the court in the conduct of a trial. All are so devoid of merit as to be undeserving of examination.

Briefly summed up the defenses interposed rested upon the assumption of bad faith in the original sale to Sutton. The validity of that transaction was fully and fairly submitted to the jury and found against the defendants. With that finding all the defenses crumble. Upholding, as we must, the verdict of the jury and the judgment of the court so far as they relate to that transaction, other alleged errors are wholly immaterial.

For the foregoing reasons the judgment is affirmed.

MR. JUSTICE ADAMS, sitting for MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE BUTLER and MR. JUSTICE MOORE concur.